UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALFONSO BERGAMO,  :
: Civil Action No. 07-4116(DRD)
       Petitioner,  :
:
       v.  : **OPINION**
:
KATHY MCFARLAND, et al.,  :
:
       Respondents.  :

**APPEARANCES**:

    ALFONSO BERGAMO, Petitioner pro se
    # 523498
    South Woods State Prison
    215 Burlington Road
    Bridgeton, New Jersey 08302

**DEBEVOISE**, District Judge

This matter is before the Court on petitioner Alfonso Bergamo's petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed without prejudice.

### I.   BACKGROUND

According to the allegations contained in the petition, petitioner, Alfonso Bergamo ("Bergamo"), is a convicted state prisoner currently confined at the South Woods State Prison. Judgment of conviction was entered on or about March 8, 2007. Bergamo is serving a ten-year sentence, having pled guilty to second degree aggravated assault. He was sentenced pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Bergamo appears to challenge his sentence as illegal and excessive. He

admits that he has not filed a direct appeal from his conviction. Instead, Bergamo brings this federal habeas petition under 28 U.S.C. § 2254, alleging claims that he has been abandoned by counsel.

## II. ANALYSIS

### A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Bergamo brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance

4

on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  <u>Id.</u> at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Bergamo has failed to exhaust his state court remedies with respect to his state court conviction.  Bergamo admits that he never filed a direct appeal to challenge his sentence, but he explains that his counsel abandoned him.  It is plainly obvious that the sentencing claims, and any ineffective assistance of counsel claims, apparently asserted in this petition were never actually raised or fairly presented for state court review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  <u>See</u> <u>Rose</u>, 455 U.S. at 510.

In addition, there is no indication from the petition that Bergamo's non-exhaustion of state court remedies should be excused.  Bergamo has not shown that there is an absence of available state process with respect to his unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." <u>Toulson</u>, 987 F.2d at 987.  Thus, as a matter of comity, it is

5

best left to the New Jersey courts to determine if they can still entertain Bergamo's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.  Here, no state court has concluded that Bergamo is procedurally barred from raising his unexhausted claims.  Bergamo alleges no facts suggesting that state procedures are in effect unavailable to him.  In fact, Bergamo was only recently convicted not more than six months ago.  Consequently, this Court is not prepared to presume that the claims in this petition would necessarily be barred from state court review.

Therefore, as Bergamo has admitted that he has not exhausted his state court remedies, this petition must be dismissed without prejudice pursuant to 28 U.S.C. § 2254(b)(1).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

6

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

### IV.  CONCLUSION

For the foregoing reasons, this Court finds that Bergamo has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Bergamo has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

                                           **/s/ Dickinson R. Debevoise**
                                           DICKINSON R. DEBEVOISE
                                           United States District Judge

DATED: September 4, 2007